# EXHIBIT A

**IN THE CIRCUIT COURT OF THE 17ᵀᴴ JUDICIAL CIRCUIT**
**WINNEBAGO COUNTY, ILLINOIS**

| | |
|---|---|
| FRANKLIN DUGGER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2021-L-0000081 |
| USF HOLLAND, LLC, | ) ) |
| Defendant. | ) **JURY DEMANDED** ) |

## COMPLAINT

Plaintiff, FRANKLIN DUGGER, by and through his attorneys, THE COFFEY LAW OFFICE, P.C., files and states as follows in support of his Complaint against Defendant, USF HOLLAND, LLC:

### Nature of Case

1. Plaintiff brings this action against Defendant, his former employer, to recover damages proximately caused by Defendant's discriminatory and retaliatory termination of his employment in violation of the common law and clearly mandated public policy of the State of Illinois as embodied in the Illinois Worker's Compensation Act, 820 ILCS 305/1 *et seq.*, and the Illinois Human Rights Act, 775 ILCS § 5/1-101 *et seq.*, as amended ("IHRA").

### Jurisdiction and Venue

2. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to Article VI, § 9 of the Illinois Constitution.

3. This Court has personal jurisdiction over Defendant in that Defendant is a company licensed to conduct business under the laws of Illinois, and operating a significant business within Winnebago County, Illinois.

4. Venue is proper in this Court in that Defendant operates a significant business in Winnebago County, Illinois, the parties entered into their employment relationship in Winnebago County, Illinois, Plaintiff worked for Defendant at its Winnebago County, Illinois business, and Defendant's discriminatory and retaliatory discharge of Plaintiff's employment occurred within Winnebago County, Illinois. See 735 ILCS § 5/2-101.

5. In December 2019, Plaintiff filed a charge (Charge #2020CR1363) with the Illinois Department of Human Rights stating claims for discriminatory and retaliatory discharge in violation of the IHRA.

6. On December 28, 2020, the IDHR issued its Notice of Dismissal in connection with Charge #2020CR1363, and therein granted Plaintiff the right to file a lawsuit in this Court within 90 days after his receipt of the Notice. A copy of the Notice is attached hereto. Plaintiff's IHRA claims have been filed in this Court within allowed 90-day period.

**The Parties**

7. Plaintiff, FRANKLIN DUGGER (hereafter "Franklin"), is a Black individual residing at all relevant times in Loves Park, Winnebago County, Illinois.

8. Defendant, USF HOLLAND, LLC (hereafter "USF"), is a foreign limited liability company registered and licensed to do business in Illinois, and at all times relevant to the allegations herein, operating a significant business in Rockford, Illinois, where the illegal activities described below took place.

**Facts Common to all Counts**

9. Franklin began his employment with USF in or around September 1996 in the position of truck driver/dock worker.

10. During his career with USF, Franklin received steady merit increases in his hourly pay rate.

11. On March 7, 2017, Franklin injured both upper extremities while working for USF.

12. Franklin immediately reported the injury to his supervisor.

13. Franklin thereafter fully cooperated and complied with USF's work accident and injury reporting procedures.

14. Franklin also thereafter sought medical treatment for his March 2017 work injury including physical therapy, and surgeries in July and again October 2018.

15. Following his March 2017 on the job injury, Franklin was medically restricted from working full duty. He therefore returned to work in USF's Modified Work Program ("MWP").

16. USF's MWP allows medically restricted workers to return to work performing duties within their medical restrictions when there is a need.

17. USF oftentimes did not assign job duties to workers in the MWP leaving them to sit idle for entire work shifts.

18. USF allowed workers in the MWP to play cards, watch TV, read, nap, play games on cell phones, take walks outside on company property including in the parking lot and truck lot, sit outside at picnic tables on company property etc., as long as they did not leave company property.

19. From time to time when Franklin was working in the MWP, he napped on company property within the plain sight and knowledge of USF supervisory and managerial employees including his direct supervisor Gary Seymour (not black; not disabled).

20. Supervisor Seymour in fact took naps from time to time while at work.

21. Franklin observed Supervisor Seymour napping while on the clock at work on more than one occasion.

22. Numerous other workers in the MWP napped on company property while working in the MWP within sight and/or knowledge of Supervisor Seymour and/or other supervisory or managerial employees of USF.

23. On September 16, 2019, Franklin through counsel filed an Application for Adjustment of Claim against USF with the Illinois Workers' Compensation Commission related to his March 7, 2017, workplace accident and injuries (IWCC Case No. 19 WC 026802).

24. On September 23, 2019, Franklin injured his right upper extremity while working for USF.

25. Franklin immediately reported the injury to his supervisor.

26. Franklin thereafter fully cooperated and complied with USF's work accident and injury reporting procedures.

27. Franklin also thereafter sought medical treatment for his work injury including physical therapy.

28. Following his September 2019 on the job injury, Franklin was medically restricted from working full duty. He therefore returned to work in USF's Modified Work Program ("MWP").

29. In November 2019, Franklin's physician released him to return to restricted work including no lifting/pushing/pulling greater than 30 lbs., and no overhead work at all.

30. On November 25, 2019, USF terminated Franklin's employment allegedly for theft of company time based on Franklin napping in his car on company property on November 20, 2019.

31. Prior to terminating his employment, USF did not notify Franklin that napping in his car on company property would be considered theft of company time or violated any work rule or policy.

32. Despite being aware that Supervisor Seymour and other workers napped while on the clock at work, USF has not terminated the employment of Seymour or any of the other workers.

**Count I: Retaliatory Discharge in Violation of the Illinois Common Law**

33. Franklin restates and fully incorporates into Count I his allegations set forth in Paragraphs 1 through 32, above.

34. Franklin's reporting his workplace injuries to USF, seeking and receiving medical treatment including physical therapy and surgeries, retaining counsel, and filing a workers' compensation claim with the IWCC because of and in connection with his March 2017 and/or September 2019 workplace injuries as detailed above, are individually and in the aggregate activities protected by Illinois common law and the IWCA.

35. USF became aware of Franklin's IWCA-protected activities shortly after he engaged in them and prior to terminating Franklin's employment.

36. USF terminated Franklin's employment because of his IWCA-protected activity in violation of Illinois common law and clearly mandated public policy as embodied in the IWCA.

5

37. USF's stated reason for terminating Franklin's employment is a false pretext willfully designed to hide its true retaliatory motive.

38. USF treated Supervisor Seymour and other similarly situated workers who did not engage in IWCA-protected activity and/or did not have multiple workers' compensation claims more favorably than Franklin and did not terminate the employment of such other workers after they allegedly engaged in the same or more serious alleged misuse or theft or company time, misconduct and/or other work rule violations than Franklin.

39. As a direct and proximate result of USF's illegal retaliatory termination of Franklin's employment as described above, he has lost income in the form of wages, social security, and other benefits, and has suffered emotional pain, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and he is expected to incur future damages.

40. The above-described misconduct by USF was willful and wanton, and with reckless disregard and indifference to the IWCA, Illinois law and policy, and to Franklin's rights thereunder. USF should therefore be subject to punitive damages as an example to deter it and others from engaging in conduct of this kind.

**Count II: Race Discrimination in Violation of the IHRA**

41. Franklin restates and fully incorporates into Count II his allegations set forth in Paragraphs 1 through 32, above.

42. The IHRA makes it unlawful for any employer to refuse to hire, to segregate, or to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment on the basis of unlawful discrimination including race. See 775 ILCS

6

5/2-102(A).

43. As described above, USF terminated Franklin's employment because of his race in violation of the IHRA.

44. USF's stated reason for terminating Franklin's employment was a false pretext willfully designed to hide its true discriminatory motive.

45. As a direct and proximate result of USF's illegal discriminatory termination of Franklin's employment as described above, he has lost income in the form of wages, social security, and other benefits, and has suffered emotional pain, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and he is expected to incur future damages.

46. The above-described misconduct by USF was willful and wanton, and with reckless disregard and indifference to the IHRA, and to Franklin's rights thereunder. USF should therefore be subject to punitive damages as an example to deter it and others from engaging in conduct of this kind.

## Count III: Disability Discrimination in Violation of the IHRA

47. Franklin restates and fully incorporates into Count II his allegations set forth in Paragraphs 1 through 32, above.

48. The IHRA makes it unlawful for any employer to refuse to hire, to segregate, or to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges, or conditions of employment on the basis of unlawful discrimination including disability. See 775 ILCS 5/2-102(A).

49. At the relevant times, Franklin was "disabled" as defined under the IHRA.

50. USF's stated reason for terminating Franklin's employment was a false pretext willfully designed to hide its true discriminatory motive.

51. As a direct and proximate result of USF's illegal discriminatory termination of Franklin's employment as described above, he has lost income in the form of wages, social security, and other benefits, and has suffered emotional pain, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and he is expected to incur future damages.

52. The above-described misconduct by USF was willful and wanton, and with reckless disregard and indifference to the IHRA, and to Franklin's rights thereunder. USF should therefore be subject to punitive damages as an example to deter it and others from engaging in conduct of this kind.

### Prayer for Relief

**Wherefore,** Plaintiff, FRANKLIN DUGGER, respectfully prays unto this Honorable Court to enter judgment against Defendant USF HOLLAND, LLC, in an amount in excess of $50,000, as follows:

A. Order USF to make FRANKLIN whole by paying him appropriate back pay, social security and other benefits and out-of-pocket expenses, plus pre-judgment interest in an amount to be shown at trial;

B. Order USF to immediately reinstate FRANKLIN to his former position; or, in the alternative, order USF to pay FRANKLIN an appropriate amount of front pay;

C. Order USF to pay FRANKLIN compensatory and punitive damages in the maximum amount allowable under the law;

D. Order USF to pay FRANKLIN'S costs incurred in bringing this action,

including, but not limited to, expert witness fees and reasonable attorneys' fees;

     E.    Try all issues of fact to a jury; and,

     F.    Grant such other relief as the Court deems just.

                                 Respectfully submitted,
                                 Plaintiff, FRANKLIN DUGGER,

                                 <u>/s/ Timothy J. Coffey</u>
                                 Timothy J. Coffey (ARDC # 6224686)
                                 THE COFFEY LAW OFFICE, P.C.
                                 Attorneys for FRANKLIN DUGGER
                                 330 S. Naperville Road, Ste. 404
                                 Wheaton, IL   60187
                                 (630) 326-6600
                                 tcoffey@worker-law.com

# STATE OF ILLINOIS
## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
## WINNEBAGO COUNTY

**Franklin Dugger**
Plaintiff
vs.                                          Case No. **2021-L-0000081**

**USF Holland, LLC**
Defendant

Service to be made to: **USF Holland, LLC**
    **c/o CT Corporation System, 208 S. LaSalle St., Ste. 814**
    **Chicago, IL 60604**

## SUMMONS

**TO THE DEFENDANT** _____,
**USF Holland, LLC**

**YOU ARE HEREBY SUMMONED** and required to file an Answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your Appearance in the Office of the Clerk of this Court, Winnebago County Courthouse, 400 West State St., room 108, Rockford, Illinois, **within 30 days after service of this summons**, not counting the day of service.

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED FOR IN THE COMPLAINT.**

**THIS CASE IS SET FOR A CASE MANAGEMENT CONFERENCE ON**
6/30/21 @ 9AM zoom # 892 4514 5284
Date / Time / Courtroom

**FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.**

**TO THE OFFICER:**
This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.
**This summons may not be served later than thirty (30) days after its issuance.**

Plaintiff's Attorney or Plaintiff,
Name: **Timothy J. Coffey**
Attorney for: **Plaintiff, Franklin Dugger**
Address: **330 S. Naperville Road, Ste 404**
City/State/Zip: **Wheaton, IL 60187**
Telephone No: **(630) 326-6600**

DATE: 4/8/2021
Thomas A. Klein, Clerk of Court
BY: JP
Deputy Clerk
Electronically Issued Document ID: _____

Date of Service _____, 20 ____
(To be inserted by officer on copy left with defendant or other person)

**Attention:**
E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional, help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp. or talk with your local circuit clerk's office.

If you have a disability that requires an accommodation to participate in court, please contact the
**Court Disability Coordinator at 815-319-4806.**

**ELECTRONICALLY FILED**
DOC ID: 12875029
CASE NO: 2021-L-0000081
DATE: 4/8/2021 12:50 PM
BY: A H, DEPUTY

CC-233 V5

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
WINNEBAGO COUNTY

**Franklin Dugger**
**Plaintiff**

Vs

**USF Holland, LLC**
**Defendant**

CASE NO. **2021-L-0000081**

FILE STAMP

# JURY DEMAND

The ☒ Plaintiff / ☐ Defendant **Franklin Dugger** in the above entitled case demands a jury for the trial of said cause.

☒ Attorney Name **Timohty J. Coffey**    ARDC No. **6224686**

   Firm Name **The Coffey Law Office, P.C.**

   Address **330 S. Naperville Road, Ste. 404**

   City/State/Zip **Wheaton, IL 60187**

   Phone No. **(630) 326-6600**    Facsimile Telephone No. _____

   Email Address **tcoffey@worker-law.com**

☐ Pro Se Name (representing myself) _____

   Address _____

   City/State/Zip _____

   Phone No. _____    Facsimile Telephone No. _____

   Email Address _____

Dated: **4-7-21**    Signature: _[signature]_

YOU MUST SEND COPIES OF THIS AND ANY OTHER DOCUMENT FILED TO
OPPOSING PARTY/ATTORNEY OF RECORD